UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Rein Kolts,<br><br>    Petitioner,<br><br>v.<br><br>Thomas Carlson,<br><br>    Respondent. | Civil Action No. 2:21–cv–221-cr-kjd<br>2:22–cv–28-cr-kjd |

# ORDER

Rein Kolts, proceeding *pro se*, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. A Vermont jury convicted Mr. Kolts of one count of aggravated sexual assault of a child in January 2017. (Doc. 5 at 2, ¶ 1.) In his first Petition (Doc. 4), Kolts names Vermont Superior Court Judge Thomas Carlson as Respondent, asserting several claims of error during proceedings in the Superior Court.

Respondent filed an Answer requesting that the Court "deny Petitioner's Writ of Habeas Corpus as he has not exhausted his state remedies." (Doc. 5 at 1.) Respondent also contends that the other claims raised in the Petition are procedurally barred. (*Id.*) On December 6, 2021, Kolts filed a reply, and on February 7, 2022, he filed a document entitled "Addendum and Rebuttal," in which he appears to reiterate the claims in the Petition, but he does not otherwise respond to Respondent's exhaustion and procedural-bar arguments. (*See* Docs. 7, 9.)

On February 2, 2022, Kolts attempted to file[1] a second petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] The second Petition appears to challenge the same state conviction, and names state prosecutor Dennis Wygmans as Respondent. *Kolts v. Wygmans*, No. 2:22–cv–28–wks–kjd, Doc. 1-2 (D. Vt. Feb. 2, 2022). In this Petition, Kolts appears to assert that he received ineffective assistance of counsel at trial because his attorney allegedly failed to obtain dismissal of the prosecution based on insufficient evidence. *Id.* at 16. Kolts also argues that Wygmans "lacked subject-matter jurisdiction to prosecute [him] and obtain a guilty verdict under any court." *Id.* at 17.

Given that Kolts has filed two separate § 2254 Petitions that appear to arise out of the same prosecution, the Court issues this Order to advise Kolts of the potential consequences of presenting two Petitions, and to request that Kolts clarify his intentions before the Court issues its Report and Recommendation in this matter. If the Court issues a Report and Recommendation addressing claims in the first Petition, any claims that Kolts asserts in the second Petition would be "second or successive" under 28 U.S.C. § 2244(b) and subject to dismissal. Kolts also appears to be participating in state-court postconviction proceedings related to the same conviction, which suggests that several claims in his Petitions may be unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

---

[1] The proposed Petition has not yet been docketed because Kolts has not satisfied the requirements for *in forma pauperis* status under 28 U.S.C. § 1915(a)(2). *See Kolts v. Wygmans*, No. 2:22-cv-28 (D. Vt. Feb. 2, 2022) (Doc. 3.)

[2] For his second Petition, Kolts utilized the form petition for claims brought under 28 U.S.C. § 2241. (Doc. 1-2.) However, "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, [a] district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277–78 (2d Cir. 2003) (internal quotation marks, alterations, and citations omitted); *see also Chase v. Wolcott*, No. 20-CV-6112 (PKC), 2021 WL 4690835, at *3 (E.D.N.Y. Oct. 7, 2021) ("Although Petitioner's petition is nominally labeled one 'pursuant to 28 U.S.C. § 2241(c)(3),' the proper vehicle for state prisoners to bring collateral challenges to their convictions and sentences, on grounds that their custody violates the Constitution, is generally a petition under 28 U.S.C. § 2254. . . . Thus, the Court construes Petitioner's [§ 2241] filing as a petition under 28 U.S.C. § 2254."). As Kolt's Petition challenges his state conviction, the Court treats it as filed under § 2254.

judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); *see also id.* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Therefore, claims in either Petition that Kolts has not exhausted in state court are subject to dismissal.

Kolts may choose one of several courses of action in these proceedings. First, he may voluntarily dismiss both of his Petitions and file a new § 2254 petition consolidating his claims. He may also exhaust his claims in state court before filing that petition. If he chooses this option, however, Kolts must file the petition in this Court within the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(2) (stating that time for filing a petition under § 2254 is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").[3] Alternatively, Kolts may dismiss only one of his Petitions. If he chooses this option, and the Court ultimately dismisses the Petition he chose to keep in federal court, any future petitions related to this state conviction would be "second or successive" under 28 U.S.C. § 2244(b)(1) and subject to dismissal on that basis. Finally, if Kolts takes no action to clarify his intentions, the Court may proceed to review both Petitions. This presents a similar "second-or-successive" issue because the Court could not review claims in the second Petition that it considered in the first Petition.

---

[3] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Neither of Kolts's Petitions names the proper respondent, instead naming the Superior Court Judge and state prosecutor involved in his case. *See Kolts v. Wygmans*, No. 2:22–cv–28–wks–kjd, Doc. 1-2 at 1 (D. Vt. Feb. 2, 2022). Accordingly, if Kolts chooses to file a new consolidated petition, he must name the correct respondent in the Petition.

Regardless of Kolts's choice, if the Court considers his habeas claims and determines that he did not properly exhaust them in state court, he may not have an opportunity for review of the claims on the merits in federal court.  Although the Court may recommend a stay of the habeas petition if any of Kolts's claims remain unexhausted, a stay "is only appropriate when [a] district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Further, while Kolts could "delete the unexhausted claims" from a future petition, "rather than returning to state court to exhaust all of his claims," *see id.* at 278 (internal quotation marks and citation omitted), doing so would likely bar those deleted claims from future review in federal court, *see Rose v. Lundy*, 455 U.S. 509, 520 (1982) (holding that prisoner choosing to allow only exhausted claims to go forward "would risk forfeiting consideration of his unexhausted claims in federal court").

Kolts has not made clear how he intends to proceed on these two Petitions.  Accordingly, Kolts is ORDERED to inform the Court whether he elects to (1) voluntarily dismiss both Petitions and refile a consolidated petition within the one-year limitations period; (2) voluntarily dismiss only one Petition (and if so, identify which Petition he intends to dismiss); or (3) take no action, in which case the Court will review the Petitions as filed.  Kolts must inform the Court of his intentions within 30 days of the date of this Order, and he must do so in a filing not to exceed one page, excluding the certificate of service.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 7th day of June 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge
