UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Rein Kolts,<br><br>  Petitioner,<br><br>  v.<br><br>Thomas Carlson,<br><br>  Respondent. | Civil Action No. 2:21–cv–221–cr–kjd |

### ORDER
(Doc. 4)

Rein Kolts, proceeding *pro se*, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. A Vermont jury convicted Kolts of one count of aggravated sexual assault of a child in January 2017. (Doc. 5 at 2, ¶ 1.) The Vermont Supreme Court affirmed his conviction on December 14, 2018. *State v. Kolts*, 2018 VT 131, ¶ 41, 209 Vt. 351, 370, 205 A.3d 504, 517. Since then, he has filed multiple motions for postconviction relief at the state level in both the civil and criminal divisions. (*See* Doc. 5 (attaching filings and dockets from state proceedings (Docs. 5-2–5-16)).) Upon review of these submissions, it appears that at least one of Kolts's state proceedings remains pending.

Kolts has also attempted to file two federal habeas Petitions under 28 U.S.C. § 2254 arising from his conviction. He filed his first Petition on September 27, 2021 (Doc. 4), in which he names Vermont Superior Court Judge Thomas Carlson as Respondent and asserts several claims of error during proceedings in the Superior Court. On February 2, 2022, Kolts attempted to file a second Petition for a writ of habeas corpus naming state prosecutor Dennis Wygmans as Respondent. *Kolts v. Wygmans*, No. 2:22–cv–28–wks–kjd, Doc. 1-2 (D. Vt. Feb. 2, 2022).

In a June 7, 2022 Order (Doc. 10), the Court advised Kolts of the procedural risks associated with bringing these claims in two separate Petitions. These risks include: (1) any claims not exhausted at the state level may be subject to dismissal in this Court; (2) any claims that this Court might dismiss for lack of exhaustion may be procedurally barred if he subsequently exhausts those claims in state court and then seeks to present them again in this Court on habeas corpus review; and (3) if he chooses to dismiss one of the habeas Petitions currently pending in this Court, and the Court ultimately dismisses the Petition he chose to keep in federal court, any future Petitions related to his state conviction, including claims raised in the Petition he elected to dismiss, would likely be barred as "second or successive" under 28 U.S.C. § 2244(b)(1). To address these risks, the Court proposed three courses of action for Kolts to choose to follow: (1) voluntarily dismiss both Petitions and file a new, consolidated petition within the one-year statute of limitations; (2) dismiss only one of his two Petitions; or (3) proceed with both Petitions as filed. (*Id.* at 3.) The Court therefore ordered Kolts to inform the Court how he wished to proceed with his habeas claims.

On June 30, 2022, Kolts filed a reply to the Court's Order. (Doc. 11.) In his reply, Kolts appears to state that he does not understand the Court's June 7, 2022 Order. He also does not appear to have selected any of the courses of action that the Court presented to him. Kolts instead requests that the Court "[d]ismiss [the] case against Furlan" and "[p]roceed with Carlson, adding [et] [al]." (*Id.* at 4.) Kolts additionally appears to assert that several of his claims for habeas relief have been exhausted at the state level (*id.* at 2), and he "want[s] to add just one Constitutional violation" under the Sixth Amendment as an additional basis for habeas relief (*id.* at 4).

Kolts's intentions are unfortunately unclear. First, while the exhibits attached to Kolts's most recent submissions indicate that Mark Furlan represented him in his state-court proceedings

(*see* Doc. 11-2 at 12, 14), Furlan was not referenced in either proposed habeas Petition. The Court also cannot determine who Kolts intends to add as "et al." Finally, while Kolts broadly asserts that he exhausted several claims associated with his state conviction, these claims do not appear to correspond to those raised in his Petitions. Although it appears that Kolts intends to dismiss some of his claims and retain others, his most recent filing is not clear on this point.

The purpose of the June 7, 2022 Order was to inform Kolts of the potential risks of filing multiple Petitions and to request that Kolts provide clear guidance as to which claims he wishes to pursue. However, as Kolts appears to be unclear as to the purpose of the Court's Order, the Court offers further explanation of the risks associated with filing multiple habeas Petitions. If the Court considers the claims in one of Kolts's Petitions, then the law governing adjudication of habeas petitions likely would prohibit the Court from considering any claims raised in his other Petition. This is because, as a general matter, the law permits the filing of only one habeas Petition. Therefore, the Court issued the June 7, 2022 Order to provide Kolts an opportunity to have all of his claims considered.

As the Court remains unclear as to how Kolts wishes to proceed and intends to give him a full opportunity to present all of the claims that he wishes the Court to consider, the Court will permit Kolts to file a proposed Amended Petition containing all of his claims. A motion to amend a habeas petition filed under § 2254 must comply with Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001). "The application of Rule 15(a) is supported by 28 U.S.C. § 2242, which states that a petition for habeas corpus 'may be amended or supplemented as provided in the rules of procedure applicable to civil actions' . . . ." *Id.* Under Rule 15(a), courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). While the decision to grant leave to amend "is within the discretion of the District Court," leave should be freely granted "[i]n the absence of any apparent

or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . .*" Foman v. Davis*, 371 U.S. 178, 182 (1962); *cf. Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that, because federal court that dismissed first habeas petition without prejudice "had yet to review a single constitutional claim" at the time original petition was dismissed, petitioner could raise new claims in second petition that were not included in the first).

In his proposed Amended Petition, Kolts must present all claims arising from his state conviction that he intends to bring in this Court. The Court warns Kolts that he must include *all* such claims that he intends to raise in his proposed Amended Petition. If he files an Amended Petition including any claims arising from his conviction, he is advised that, should he raise additional claims related to that conviction in a future habeas petition, those claims could be dismissed as "second or successive." *See* 28 U.S.C. § 2244(b)(2) (noting the general rule that, subject to certain exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed"). The Court will also wait to address whether any of the claims that he raises remain unexhausted at the state level. *See Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001).

Accordingly, Kolts is ORDERED to file a Motion to Amend his Petition[1], attaching a proposed amended habeas corpus petition that includes all grounds supporting habeas relief that he intends for the Court to review, within 30 days of this Order. This includes any claims that he attempted to raise in his second Petition in *Kolts v. Wygmans*, No. 2:22–cv–28–wks–kjd, Doc. 1-2 (D. Vt. Feb. 2, 2022). Upon filing, the Amended Petition will become the habeas Petition that

---

[1] The Motion to Amend with proposed amended petition should be filed in the case number as shown in the caption of this Order.

4

the Court will consider.² The Amended Petition will replace both of Kolts's habeas Petitions currently on the Court's docket.

       SO ORDERED.

       Dated at Burlington, in the District of Vermont, this 4th day of August 2022.

                                              /s/ Kevin J. Doyle
                                              Kevin J. Doyle
                                              United States Magistrate Judge

---

² As one court in this Circuit has noted, "[t]he Second Circuit has not yet explicitly decided whether a motion to amend a complaint is dispositive or non-dispositive for the purposes of Federal Rule of Civil Procedure 72." *Klaper v. Cypress Hills Cemetery*, No. 10-CV-1811 (NGG)(LB), 2012 WL 959403, at *6 n.6 (E.D.N.Y. Mar. 21, 2012). However, several district courts have found "that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." *Id.* (quoting *Tyree v. Zenk*, No. 05–CV–2998 (KAM)(LB), 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) (collecting cases)). Therefore, it is permissible for a Magistrate Judge to rule on Kolts's anticipated Motion to Amend the Petition in this matter. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 410 (S.D.N.Y. 2008) (observing that "[a]bsent clear, controlling authority, the Court is not persuaded that a Magistrate Judge's ruling granting a motion to amend a complaint is dispositive under the generally accepted criteria defining the term.").