UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Rein Kolts, <br><br> Petitioner, <br><br> v. <br><br> Thomas Carlson, <br><br> Respondent. | Civil Action No. 2:21–cv–221–cr–kjd |

# ORDER
(Docs. 4, 17)

Rein Kolts, proceeding *pro se*, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. A Vermont jury convicted Kolts of one count of aggravated sexual assault of a child in January 2017. (Doc. 5 at 2, ¶ 1.) The Vermont Supreme Court affirmed his conviction on December 14, 2018. *State v. Kolts*, 2018 VT 131, ¶ 41, 209 Vt. 351, 370, 205 A.3d 504, 517. Since then, he has filed multiple motions for postconviction relief (PCR) in state court in both the civil and criminal divisions. (*See* Doc. 5 (attaching filings and dockets from state proceedings (Docs. 5-2–5-16)).)

Kolts filed his first § 2254 Petition on September 27, 2021 (Doc. 4), in which he names Vermont Superior Court Judge Thomas Carlson as Respondent and asserts several claims of error during Superior Court proceedings related to his criminal prosecution. On October 27, 2021, Respondent filed an Answer to Kolts's Petition, in which he argued that Kolts's Petition should be denied because he had "not exhausted his State Remedies and any potential exhaustion is due to an independent and adequate State procedural bar." (Doc. 5 at 1.) Specifically, Respondent contends that "[t]he Vermont Supreme Court has not had the opportunity to review Petitioner's claims as set forth in his Writ," because "Petitioner did not appeal the trial court's

entry order . . . even though he had the right to do so." (*Id.* at 1–2.) Respondent further advised that Kolts had "an active Post-Conviction Relief proceeding before the civil division of Vermont Superior Court." (*Id.* at 2.)

On February 2, 2022, Kolts attempted to file a second § 2254 Petition naming state prosecutor Dennis Wygmans as Respondent.[1] *Kolts v. Wygmans*, No. 2:22–cv–28–wks–kjd, Doc. 1-2 (D. Vt. Feb. 2, 2022).[2] In a June 7, 2022 Order (Doc. 10), the Court advised Kolts of the procedural risks associated with bringing claims in two separate Petitions. Specifically, the Order informed Kolts that a second Petition is subject to dismissal as "second or successive" under 28 U.S.C. § 2244(b). (*Id.* at 2.) Therefore, the Court advised Kolts that he could: (1) voluntarily dismiss both Petitions and file a new, consolidated petition within the one-year statute of limitations; (2) dismiss only one of his two Petitions; or (3) proceed with both Petitions as filed. (*Id.* at 3.) The Court ordered Kolts to inform the Court how he wished to proceed with his two Petitions. Kolts replied on June 30, 2022. However, his response did not clarify how he wished to proceed. (Doc. 11.) He asked to dismiss the case "against FURLAN" and "proceed with Carlson, adding ET AL." (*Id.* at 4.)

In order to ensure that Kolts received the opportunity to present all of his intended claims for habeas review, the Court issued an August 4, 2022 Order permitting Kolts to file a proposed Amended Petition containing all of his claims, pursuant to Federal Rule of Civil Procedure 15(a).

---

[1] In this Petition, Kolts asserts that "the evidence of guilt against [him] was not found to be great. As such, [he] was granted BAIL, posted it, and was released." (Doc. 1-2 at 17.) Kolts argues that because the evidence against him "was found not to be great," the case against him should have been dismissed without prejudice pursuant to Vt. R. Crim. P. 12(d). (*Id.*) The Court interprets this argument to focus primarily on the Superior Court's bail determination and analysis, which would not fall under the purview of § 2254.

[2] The proposed Petition was never docketed because Kolts has not satisfied the requirements for *in forma pauperis* status under 28 U.S.C. § 1915(a). *See Kolts v. Wygmans*, No. 2:22–cv–28 (D. Vt. Feb. 2, 2022) (Doc. 3). Because this proposed Petition was not docketed, Respondent has not had the opportunity to respond to these arguments.

(Doc. 14.)  The Court instructed Kolts to "present all claims arising from his state conviction that he intends to bring in this Court." (*Id.* at 4.)  The Court also advised Kolts "that he must include *all* such claims that he intends to raise in his proposed Amended Petition" and that "should he raise additional claims related to that conviction in a future habeas petition, those claims could be dismissed as 'second or successive.'  *See* 28 U.S.C. § 2244(b)(2)." (*Id.*)

On September 12, 2022, Kolts filed a document entitled "Motion for Habeas Corpus Respondendum." (Doc. 17.)  The document did not seek to file an Amended Petition.  Rather, it "cit[ed] claims of error by Judge Thomas Carlson" and explicitly "dismiss[ed] the other Habeas petitions." (*Id.*)  In the September 12 filing, Kolts claims that Judge Carlson committed several reversible errors, and reiterates nearly verbatim his claims in the original § 2254 Petition naming Judge Carlson as Respondent. (*Id.*; *see also* Doc. 4.)  Because Kolts reiterates all of his arguments from his original petition (*see* Doc. 4) and explicitly dismisses "the other Habeas petitions," the Court interprets the September 12 filing to express Kolts's intention to proceed solely on his original habeas petition. (Doc. 17.)  Accordingly, the Court will not consider the proposed § 2254 Petition Kolts attempted to file on February 2, 2022, *Kolts v. Wygmans*, No. 2:22–cv–28–wks–kjd, Doc. 1-2 (D. Vt. Feb. 2, 2022).  That Petition is no longer before the Court.  Consistent with Plaintiff's expressed intentions, the Court will be addressing only the original Petition under docket number 2:21–cv–221.

To ensure that Kolts received a fair opportunity to present all his claims for habeas review, the Court has given considerable time to clarifying Kolts's intentions in filing two Petitions. (*See, e.g.*, Docs. 10, 14.)  A significant amount of time has elapsed since Respondent's October 27, 2021 Answer to Kolts's original Petition, in which Respondent argued that Kolts's habeas petition should be denied because he had not properly exhausted his claims in Superior Court. (Doc. 5.)  Having now determined that Kolts's original Petition is the operative Petition

3

in these habeas proceedings, the Court intends to address the pending claims expeditiously. Accordingly, Respondent is ORDERED to file a supplemental memorandum updating the Court on the status of Kolts's PCR proceedings in Superior Court, and any appeals Kolts has filed in the Vermont Supreme Court. The supplemental memo shall include as Exhibits all relevant decisions of the Superior Court and Vermont Supreme Court, if any such decisions have been issued. Respondent's supplemental memorandum is to be filed within 14 days of the date of this Order. Upon receipt of this status update, the Court will issue a Scheduling Order to the extent that further proceedings have occurred in state court necessitating briefing on additional issues.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of December 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge