UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Rein Kolts,

         Petitioner,

         v.                                  Civil Action No. 2:21-cv-221-cr-kjd

Thomas Carlson,

         Respondent.

## REPORT AND RECOMMENDATION
(Docs. 4, 13, 17)

Rein Kolts, a self-represented inmate residing at Southern State Correctional Facility, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) Kolts was convicted in Vermont Superior Court of aggravated sexual assault of a child in January 2017, and subsequently sentenced to a mandatory term of twenty-five years to life in prison. *State v. Kolts*, No. 217-5-14 Ancr (Vt. Super. Ct.). The Vermont Supreme Court affirmed his conviction on December 14, 2018. *State v. Kolts*, 2018 VT 131, 205 A.3d 504. After conclusion of his direct appeal in the Vermont Supreme Court, Kolts filed an amended postconviction-relief (PCR) petition in the Superior Court in 2019 asserting ineffective assistance of counsel. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-10). He filed a Second Amended PCR Petition in 2020 in which he again raised an ineffective-assistance-of counsel claim and asserted that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-11). The PCR case was pending trial in state court as of January 2023. Since the conclusion of his direct appeal in the criminal case, Kolts has filed multiple motions in the Superior Court. (*See* Doc. 5 (attaching filings and dockets from state proceedings (Docs. 5-2–5-16)).)

On April 16, 2021, Superior Court Judge Thomas Carlson issued a decision addressing, among other motions, Kolts's request to vacate his conviction; request for a new trial; and request for further DNA testing. *State v. Kolts*, No. 217-5-14; (Doc. 5-13). Judge Carlson denied all of Kolts's motions, effectively closing the criminal case, and advised him that any further claims should be brought in civil PCR proceedings in the Superior Court.

On September 27, 2021, Kolts filed a § 2254 Petition[1] in this Court challenging the conclusions in Judge Carlson's April 16, 2021 decision.[2] (Doc. 4.) The State of Vermont requests dismissal of the Petition because Kolts did not appeal Judge Carlson's decision and therefore has not exhausted state remedies. (*See* Doc. 5.) The State further contends that Kolts is now time-barred from seeking further review of the decision in the state courts, which renders his federal habeas claims procedurally defaulted and unreviewable by this Court. (*Id*.) Additionally, according to the State, Kolts has an active PCR claim pending in state court, and "[i]f he appeals the civil court's future decision, the majority of Petitioner's claims within his Writ will be reviewable by the Vermont Supreme Court." (*Id.* at 2.)

For the reasons set forth below, I recommend that Kolts's § 2254 Petition (Doc. 4) be DISMISSED for failure to exhaust state remedies. I further recommend that Kolts's "Motion for Habeas Corpus Respondendum" (Doc. 17), which has been docketed as an Amended Petition for

---

[1] Kolts also filed a second § 2254 Petition on February 2, 2022. *Kolts v. Wygmans*, No. 2:22-cv-28-wks-kjd, Doc. 1-2. On two occasions the Court advised Kolts of the procedural risks associated with bringing claims in two separate Petitions and offered him the opportunity to file an amended Petition incorporating all of his claims in one Petition. *See* No. 2:21-cv-221 (Doc. 10) (June 7, 2022); (Doc. 14) (August 4, 2022). After receiving multiple responses from Kolts, the Court determined that Kolts intended to dismiss the second Petition and proceed on the initial Petition. (Doc. 18.) Therefore, this Report and Recommendation addresses the § 2254 Petition filed on September 27, 2021. *See* No. 2:21-cv-221, Doc. 4.

[2] Kolts has repeatedly confirmed that his federal habeas petition is based on Judge Carlson's April 16, 2021 Order. *See* Motion for Habeas Corpus Respondendum (Doc. 17) (explicitly referencing the April 16, 2021 Order and its legal conclusions); Reply to Respondent's Supplemental Memorandum (Doc. 20) ("My intent is not to present litigations from other cases . . . . We ask this court to concentrate on the "MERITS" decision from Judge Carlson, and judge on the contradictory, confusing, and prejudicial writing found in that docu[]ment.").

Writ of Habeas Corpus, be DENIED.  Finally, I recommend that Kolts's Motion for Summary

Judgment (Doc. 13) be DENIED.

## Background

**I.     The April 16, 2021 Order**

As Judge Carlson's April 16, 2021 Order is the basis for Kolts's § 2254 Petition, the

Court briefly summarizes the relevant portions of the Order.  The Order began with a summary

of the procedural history of Kolts's case:

> Defendant has filed repetitive motions to vacate his 2017 convictions, for a new
> trial and for further DNA testing and hearing pursuant to 13 V.S.A. § 5561 et seq.
> Variations of these motions have been consistently denied no fewer than ten times,
> including orders of Judge Arms dated March 18, 2019 and June 17, 2019.
> Defendant continues to file the same claims, most recently in March and April 2021
> to vacate his conviction and in April for a new trial.  Defendant also has pending
> post-conviction proceedings in the civil division and a long list of other cases he
> has initiated in this court and others, seeking relief from his convictions.
>
> Most recently, the court gave Mr. Kolts one last chance to indicate that he actually
> had some new evidence or some basis for seeking further DNA testing.  He has
> failed to do so.  The court elaborates on that conclusion as follows, and in doing so
> it **denies all pending motions.  The court further orders that no further motion
> filed by Defendant regarding this docket shall be considered at all.**  Repeated
> filing of the same motions about the same issues based on the same facts is an abuse
> of the system.

(Doc. 5-13 at 1.)

As relevant to the claims Kolts raises in his § 2254 Petition, Judge Carlson (1) considered

and denied Kolts's request for further DNA testing and a hearing under 13 V.S.A. § 5561;[3]

(2) considered and denied Kolts's request for a new trial based on alleged newly discovered

---

[3]  Under this provision of Vermont law, "[a] person convicted of a qualifying crime may at any time file a
petition requesting forensic DNA testing of any evidence that may contain biological evidence that was obtained
during the investigation or prosecution of the crime."  13 V.S.A. § 5561(a).

evidence;[4] (3) considered and denied Kolts's claim that the State knowingly solicited perjured testimony from a witness; and (4) considered and denied Kolts's claim that the State withheld exculpatory information in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Doc. 5-13 at 1–5.

Kolts did not appeal the April 16, 2021 Order.

## II.    Kolts's § 2254 Petition

Kolts's Petition reiterates the same claims dismissed by Judge Carlson in the April 16, 2021 Order. He contends that Judge Carlson's decision on the claims constitutes "reversible error" and requests that the Court grant the habeas Petition on that basis. (Doc. 4 at 3–4.)

## <u>Discussion</u>

## I.    The Court may not consider Kolts's claims because they have not been exhausted in state court.

In order to bring a claim under § 2254, a petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner "present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Exhaustion may be achieved through either a full round of the state's appellate review process or a full round of postconviction proceedings." *Fellows v. Baker*, Civil Action No. 2:20-cv-139-wks-jmc, 2021 WL 4200875, at *11 (D. Vt. Mar. 10, 2021), *report and recommendation adopted*, 2021 WL

---

[4] The claimed newly discovered evidence included a 2017 email from the state prosecutor in his case, forensic reports containing allegedly exculpatory DNA evidence, and alleged "prior bad acts" of the victim of the aggravated sexual assault for which Kolts was convicted. (Doc. 5-13 at 3–4.)

4199285 (D. Vt. Sept. 15, 2021); *see O'Sullivan*, 526 U.S. at 845.  The exhaustion requirement "reduces piecemeal litigation" and makes it more likely that a district court will "review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).  "Therefore, if a habeas petition contains both exhausted and unexhausted claims, it must be dismissed to enable petitioner to exhaust his unexhausted claims or to file a subsequent petition dropping them." *Grey*, 933 F.2d at 120.

In February 2019, Kolts filed an amended PCR claim in state court alleging ineffective assistance of counsel. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (*see* Doc. 5-10).  He filed a Second Amended PCR Petition in October 2020, in which he asserted a claim of ineffective assistance of counsel, and asserted that the prosecution withheld material, exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (*see* Doc. 5-11).  The court granted summary judgment for the State on the majority of Kolts' claims, but allowed the claim that he received ineffective assistance of counsel during plea negotiations to proceed. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (*see* Doc. 5-12).  As of the filing of this Report and Recommendation, it appears that Kolts's PCR case remains active in state court.  (*See* Doc. 19.)[5]

As noted, Kolts's § 2254 Petition asserts the same claims that were dismissed in the April 16, 2021 order.  As of the filing of this Report and Recommendation, it appears that Kolts has not appealed Judge Carlson's order of dismissal.  Except for the *Brady* claim, Kolts also did not include these claims in his pending PCR petition in state court. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (*see* Doc. 5-11).  As the state courts have not had "one full opportunity" to

---

[5]  The matter was set for trial on January 19, 2023.  (Doc. 19-2.)  The Court does not have further information as to the results of the trial.

consider any of Kolts's claims, the claims are unexhausted and may not be considered on habeas review.

II.     **The Court should not consider Kolts's claims because they are now procedurally barred and he has not demonstrated cause and prejudice or a fundamental miscarriage of justice warranting review of the unexhausted and procedurally defaulted claims.**

A petitioner is required to exhaust state court remedies unless he demonstrates "an absence of available State corrective process" or circumstances "that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i)–(ii).  "[A] federal court may theoretically find that there is an absence of available State corrective process under § 2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (internal quotation marks omitted).  However, if "a petitioner has failed to properly exhaust his claims in state court, and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the claim 'is procedurally defaulted' for the purpose of federal habeas review." *Fellows*, 2018 WL 1157788, at *5 (quoting *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997)); *see Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994).

Where a petitioner has procedurally defaulted his claims in state court, a federal court may consider a petitioner's habeas claims only if he "can demonstrate cause for the default and actual prejudice as a result of the actual violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see Murray v. Carrier*, 477 U.S. 478, 491 (1986).  "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot

6

fairly be attributed to him[,] . . . 'impeded [his] efforts to comply with the State's procedural rule.'" *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (omission and alterations in original) (quoting *Coleman*, 501 U.S. at 753). To demonstrate prejudice, the petitioner must show not simply a possibility of prejudice, but that "the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (emphasis omitted) (quoting *Murray*, 477 U.S. at 494).

"[T]he cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 748 (internal quotation marks omitted). Such a miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. In such an instance, "a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* The fundamental-miscarriage-of-justice exception to procedural default "is 'extremely rare' and should be applied only in 'the extraordinary cases.'" *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (quoting *Schlup v. Delo*, 513 U.S. 298, 321–22 (1995)). A claim of actual innocence in support of this exception "must be both credible and compelling." *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (internal quotation marks omitted). "For the claim to be 'credible,' it must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . .'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

Kolts did not appeal Judge Carlson's April 16, 2021 order denying the claims he now raises on federal habeas review. Pursuant to Vermont Rule of Appellate Procedure 4(a), "a notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from." *In re Stevens*, 149 Vt. 199, 200 (1987); V.R.A.P. 4(a). Because well more than thirty days have passed since the issuance of the order, Kolts is unable to appeal that order. Were Kolts to appeal the April 16, 2021 order now, the Vermont Supreme Court would not have jurisdiction to consider his untimely appeal. *Tuner v. Turner*, 160 Vt. 646, 647, 641 A.2d 342, 344 (1993) ("This Court lacks jurisdiction of an appeal where notice is untimely filed . . . ."). Kolts's claims are thus unexhausted and procedurally barred under state court rules.[6] Because "the procedural bar that gives rise to the exhaustion provides an independent and adequate state-law ground for the conviction and sentence," the Court may not review the defaulted claims. *Gray*, 518 U.S. at 162. Accordingly, Kolts's claims are barred from federal habeas review unless he "can demonstrate cause for the default and actual prejudice as a result of the actual violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Kolts has not demonstrated cause for not appealing Judge Carlson's entry order to the Vermont Supreme Court. Throughout the course of his case, he has filed more than fifty motions and has pursued multiple appeals to the Vermont Supreme Court. *State v. Kolts*, 217-5-14 Ancr (Vt. Super. Ct.); *State v. Kolts*, No. 2017-291; *Kolts v. Baker*, No. 22-AP-204 (Doc. 5-2; *see*

---

[6] To the extent that Kolts still has an active PCR case in state court, his one remaining claim that is unexhausted but not procedurally defaulted relates to ineffective assistance of counsel during plea negotiations, which he does not allege in his § 2254 Petition. Kolts's *Brady* claim is unexhausted but may not be procedurally defaulted at this time. Nevertheless, Kolts has not shown that the Court should address the *Brady* claim notwithstanding his failure to exhaust the claim.

Docs. 5-4, 19-3).[7]  He is familiar with the court requirements for timely filings.  Kolts has also

not shown that any external factors impeded his efforts to comply with state procedural rules.

*See Maples*, 565 U.S. at 280.  Kolts's claims simply reiterate previous contentions and do not

present new information bearing on any alleged constitutional violations that "worked to his

actual and substantial disadvantage."  *Murray*, 477 U.S. at 488.  Accordingly, Kolts has not

shown cause for the default and actual prejudice.

      Finally, Kolts has not shown that his case warrants application of the "extremely rare"

exception to procedural default based on a fundamental miscarriage of justice.  *See Sweet*,

353 F.3d at 142.  To the extent that he may be asserting that he is actually innocent, for the claim

to be credible it must be supported by "new reliable evidence" that was not presented at trial.  As

explained below, Kolts has not presented any new reliable evidence demonstrating that more

likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a

reasonable doubt.  *See Rivas*, 687 F.3d at 541.

      Judge Carlson's April 16, 2021 order addressed Kolts's claims that he had new evidence

justifying vacatur of his conviction and a new trial.  With respect to the claim that he should be

permitted further DNA testing, Judge Carlson reviewed Kolts's submissions in support of the

request.  The first submission was a March 16, 2017 email from the prosecuting attorney to

Kolts's attorney discussing the forensic evidence in the case.  The email apparently summarizes

---

[7]  None of the appeals to the Vermont Supreme Court considered the issues raised in the § 2254 Petition. In the direct appeal of his conviction, Kolts claimed that his confession should have been suppressed; that the trial court should have permitted the testimony of his two expert witnesses regarding the circumstances of his confession; and that the trial court erred in its instruction to the jury on assessing the voluntariness of his confession.  *See* Doc. 5-4 at 1, 13–17).  He filed a second appeal, but the matter was dismissed for failure to comply with the Supreme Court's order to submit a brief.  *See* Doc. 5-15 at 3.  He filed a third Notice of Appeal on August 4, 2022.  He claims in that appeal that Superior Court Judge Robert Mello was biased when he apparently conducted Kolts's arraignment in the criminal case.  *See* Doc. 19-3.  The appeal appears to be pending.  Relevant to the exhaustion issues pertaining to the pending § 2254 Petition, none of the issues raised in the § 2254 Petition have been exhausted in state court.

the DNA testing materials that had been disclosed to Kolts's counsel in 2014, 2015, and 2017. (Doc. 5-13 at 4.)  The email also described a DNA test report as "not exactly exculpatory."  (*Id*.) Judge Carlson noted that Kolts had relied in part on that email in two motions for a new trial in 2019.  The motions were denied and Kolts did not appeal.  (*Id*.)[8]

Kolts also submitted two forensic reports dating to 2015 and notes from a medical examination of the victim dating to 2014.  (*Id*. at 1.)  The court noted that Kolts's counsel had received all of these materials prior to trial.  (*Id*. at 2.)  The court further noted that, according to the forensic reports, the analysis was inconclusive as to "whether Defendant's DNA sample matched a DNA sample found on the victim."  (*Id*. at 1.)  It appears that shortly after conviction Kolts requested further DNA testing, but the court denied the motion because the request was conclusory and unsupported.  As Judge Carlson observed in the April 16, 2021 order, "'[i]nconclusive' is not exonerating.  As this court has repeatedly determined, the lack of proof of Defendant's DNA in or on the victim hardly exonerates him.  Proven presence of his DNA was not an element of the offense."  (*Id*. at 2.)

Kolts also alleges that he has new evidence that the victim in his case was involved in a murder at the age of twelve.  He contends that such evidence is admissible under Rule 404(b). (Doc. 4 at 3.)  Judge Carlson found that such evidence does not warrant a new trial because the alleged prior conduct of the victim was uncorroborated, unsupported by any evidence, and inadmissible to show that the victim would "stop at nothing" by lying about the sexual assault. (Doc. 5-13 at 4.)

In sum, Kolts has not presented a "credible and compelling case" of actual innocence justifying an exception to procedural default based on a fundamental miscarriage of justice.

---

[8]  The court also expressed doubt that, even if it had existed at the time of trial, the email could have been used as evidence at trial.  (Doc 5-13 at 4.)

*Rivas*, 687 F.3d at 541.  As his claims are unexhausted and procedurally barred, this Court may

not consider the § 2254 Petition.

<u>**Conclusion**</u>

For the reasons set forth above, I recommend that Kolts's § 2254 Petition (Doc. 4) be

DISMISSED for failure to exhaust state remedies.  As Kolts's "Motion for Habeas

Respondendum" (Doc. 17), which has been docketed as an Amended Petition for Writ of Habeas

Corpus, reiterates the claims asserted in the § 2254 Petition, I recommend that Document 17 be

DENIED.  Finally, I recommend that Kolts's Motion for Summary Judgment (Doc. 13) be

DENIED.  Rule 5 of the Rules Governing Section 2254 Cases provides for a petition, an answer,

and a reply to the respondent's answer in a § 2254 case.  The Rules contemplate the filing of a

pre-answer motion to dismiss, but they do not provide for a motion for summary judgment.  *See*

Rule 4 of the Rules Governing Section 2254 Cases.  Further, were a motion for summary

judgment appropriate in this context, Kolts has not demonstrated that there is "no genuine

dispute as to any material fact" entitling him to judgment as a matter of law.  *See* Fed. R. Civ. P

56(a).

Dated at Burlington, in the District of Vermont, this 3rd day of March 2023.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service
thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written
objections that shall specifically identify those portions of the Report and Recommendation to which
objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2);
L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of
the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small
v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).