U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR 30  AM 10: 54

CLERK
BY    /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| REIN KOLTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-221 |
| | ) | |
| THOMAS CARLSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING INITIAL PETITION FOR WRIT OF HABEAS CORPUS,
DENYING SECOND PETITION FOR WRIT OF HABEAS CORPUS, AND
DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**
(Docs. 4, 13, 17, & 21)

This matter came before the court for a review of the Magistrate Judge's March 3, 2023 Report and Recommendation ("R & R") (Doc. 21), in which the Magistrate Judge recommended that the court dismiss the initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) filed by self-represented Petitioner Rein Kolts for failure to exhaust state remedies, deny Petitioner's second petition for a writ of habeas corpus (Doc. 17), and deny Petitioner's motion for summary judgment (Doc. 13). On March 16, 2023, Petitioner timely filed objections to the R & R.

I.  **Factual and Procedural Background.**

In January 2017, Petitioner, an inmate at Southern State Correctional Facility, was convicted in the Vermont Superior Court, Criminal Division (the "Vermont Superior Court") of aggravated sexual assault of a child, and the Vermont Supreme Court affirmed his conviction on December 14, 2018. In 2019, Petitioner filed an amended post-conviction relief ("PCR") motion in the Vermont Superior Court and argued that he received ineffective assistance of counsel. In 2020, Petitioner filed a second amended PCR petition, reasserting an ineffective assistance of counsel claim, and arguing the

prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner has also filed numerous other motions in the Vermont Superior Court, including a pending PCR petition that was recently adjudicated.

On April 16, 2021, Vermont Superior Court Judge Thomas Carlson issued an order (the "April 16, 2021 Order") denying Petitioner's motions to vacate his conviction, for a new trial, and for additional DNA testing. He also denied Petitioner's claims that the State of Vermont knowingly solicited perjured testimony and committed a *Brady* violation were also denied. The April 16, 2021 Order states in relevant part:

> [Petitioner] has filed repetitive motions to vacate his 2017 convictions, for a new trial and for further DNA testing and hearing pursuant to 13 V.S.A. §5561 et seq. Variations of these motions have been consistently denied no fewer than ten times, including orders . . . dated March 18, 2019 and June 17, 2019. [Petitioner] continues to file the same claims, most recently in March and April 2021 to vacate his conviction and in April for a new trial. [Petitioner] also has pending post-conviction proceedings in the civil division and a long list of other cases he has initiated in this court and others, seeking relief from his convictions.
>
> Most recently, the court gave [Petitioner] one last chance to indicate that he actually had some new evidence or some basis for seeking further DNA testing. He has failed to do so. The court elaborates on that conclusion as follows, and in doing so it **denies all pending motions. The court further orders that no further motion filed by [Petitioner] regarding this docket shall be considered at all.** Repeated filing of the same motions about the same issues based on the same facts is an abuse of the system.

(Doc. 5-13 at 1) (emphasis in original).

The April 16, 2021 Order observes that Petitioner submitted "at various times over the last few years" copies of (1) a March 16, 2017 email from the State's Attorney to Petitioner's attorney regarding forensic evidence; (2) a June 26, 2015 forensic report; (3) a February 5, 2015 forensic report; and (4) the April 21, 2014 notes of a medical examination of the victim, all of which "were provided to the defense prior to trial." *Id.* at 1-2. Judge Carlson advised Petitioner that additional claims should be brought in a civil

2

PCR proceeding before the Vermont Superior Court.[1] Petitioner did not appeal the April 16, 2021 Order.

On September 27, 2021, Petitioner filed a § 2254 petition in this court in which he challenged the April 16, 2021 Order. The State of Vermont seeks dismissal of the petition because Petitioner failed to appeal the April 16, 2021 Order to the Vermont Supreme Court, and he has therefore failed to exhaust his state remedies. The State of Vermont further argues that the time for Petitioner to file an appeal with the Vermont Supreme Court has expired, and therefore his petition before this court is procedurally defaulted and unreviewable. In addition, the State of Vermont alleges that Petitioner has an ongoing PCR claim in the Vermont Superior Court, an appeal from which would lead to a duplicative review.

In his objections, Petitioner claims that the Magistrate Judge erroneously found the State of Vermont's arguments persuasive. He attaches partial copies of a number of documents which he contends are "new reliable evidence," (Doc. 22 at 1) which include part of an interview summary dated April 26, 2014 (Exhibit 1); a March 16, 2017 email chain that indicates, among other things, that the victim claimed Defendant was wearing a condom at the time of the last occasion of sexual intercourse between them and that Defendant's DNA sample was "not exactly exculpatory" (Exhibit 2); a page from what appears to be a brief (Exhibit 3); a June 26, 2015 DNA report indicating "the standard for Rein Kolts[] is inconclusive" (Exhibit 4); an evidence summary report dated February 5, 2015 (Exhibit 5); a physical examination report of the victim dated April 21, 2014 (Exhibit 6); a March 28, 2019 page from an affidavit signed by Petitioner (Exhibit 7); an unsigned, undated page from an affidavit (Exhibit 8); a page from a document describing Petitioner's confession and noting, among other things, that Petitioner's confession "included no detail other than that he and A.H. had intercourse three times, all indoors at

---

[1] Pursuant to Fed. R. Evid. 802(b), the court takes judicial notice of the Vermont Superior Court's March 13, 2023 Decision and Order denying Petitioner's request for post-conviction relief and the Vermont Superior Court docket sheet of Petitioner's PCR proceeding in Case No. 2-1-19 Ancv.

3

either his house or hers" (Exhibit 9); a page from what appears to be Petitioner's confession (Exhibit 10); two pages of an Entry Order dated January 8, 2019 (Exhibit 11); and an undated page from a brief (Exhibit 12).

## II. Legal Analysis and Conclusions.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his eleven-page R & R, the Magistrate Judge carefully reviewed the factual and procedural history of the case, including the relevant state court proceedings; the April 16, 2021 Order; and Petitioner's filings in this court. In his objections, Petitioner challenges the Magistrate Judge's conclusion that he failed to exhaust his state court claims as required by § 2254. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"). Petitioner argues that the Vermont Superior Court and the Vermont Supreme Court "will not accept any other motions" and "sends back to [him] any motion entered[.]" (Doc. 22 at 1.) This is demonstrably untrue as his PCR petition was recently adjudicated and was appealed on March 17, 2023.

Moreover, the Vermont Superior Court considered his *Brady* violation claim when it granted summary judgment in favor of the State of Vermont on October 21, 2021. (Doc. 5-12.) Because Petitioner did not appeal the April 16, 2021 Order to the Vermont Supreme Court, he did not "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition[,]" *O'Sullivan v.*

4

*Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, this court may not grant Petitioner habeas relief.

The Magistrate Judge also properly concluded that Petitioner's claims are procedurally barred. The only remaining avenue for review requires Petitioner to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Magistrate Judge correctly determined that Petitioner failed to satisfy this exacting standard because his frequent filings in the Vermont Superior Court and the Vermont Supreme Court demonstrate his familiarity with court proceedings and because Petitioner does not identify any external factors that impeded his efforts to comply with court procedures.

To the extent Petitioner is asserting a claim of actual innocence, the Magistrate Judge reasonably found Petitioner has not presented a "credible and compelling claim" of actual innocence, *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012), which would justify an "extremely rare" exception to procedural default based on a fundamental miscarriage of justice. *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). It appears Petitioner admitted to having sexual intercourse with the victim on three occasions but seeks to recant his confession. His new evidence is several years old and appears to have been presented to the Vermont Superior Court on multiple occasions. He identifies no piece of evidence that was not. He was convicted after a jury trial, and his conviction was affirmed on appeal. He has pursued post-conviction relief and had a bench trial on January 17-19, 2023. Judge Michael Kupersmith issued a March 13, 2023 fourteen-page decision denying Petitioner's request for post-conviction relief. Petitioner has appealed that decision. Petitioner is thus actively pursuing his claims in the Vermont state courts.

Examining the totality of the circumstances, the Magistrate Judge properly concluded that this is not an extraordinary case in which Petitioner's claims have not

5

received due process in Vermont's state courts, where there is credible and compelling evidence of actual innocence, and where there has been a clear miscarriage of justice.

With respect to the Magistrate Judge's recommendation that the court deny Petitioner's motion for summary judgment because the rules governing a § 2254 petition do not contemplate that type of motion, Petitioner did not challenge that recommendation in his objections. The court agrees with the Magistrate Judge's well-reasoned conclusion that the relief Petitioner seeks is not available in this court in the circumstances of this case.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 21) as the court's Opinion and Order, dismisses the initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4), denies Petitioner's second petition (Doc. 17), and denies Petitioner's motion for summary judgment (Doc. 13).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of March, 2023.

Christina Reiss, District Judge
United States District Court