UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Rein Kolts,

    Petitioner,

    v.

Thomas Carlson,

    Respondent.

Civil Action No. 2:21–cv–221-cr-kjd

## ORDER

In September 2021, Rein Kolts, a self-represented inmate residing at Southern State Correctional Facility, petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 4.)  Kolts was convicted in Vermont Superior Court of aggravated sexual assault of a child in January 2017 and subsequently sentenced to a mandatory term of twenty-five years to life in prison.  *State v. Kolts*, No. 217-5-14 Ancr (Vt. Super. Ct.).  The Vermont Supreme Court affirmed his conviction on December 14, 2018.  *State v. Kolts*, 2018 VT 131, 205 A.3d 504.

Following the conclusion of his direct appeal in the criminal case, Kolts filed multiple motions in the Superior Court.  (*See* Doc. 5 (attaching filings and dockets from state proceedings (Docs. 5-2–5-16)).)  On April 16, 2021, Superior Court Judge Thomas Carlson issued a decision addressing, among other motions, Kolts's request to vacate his conviction; request for a new trial; and request for further DNA testing.  *State v. Kolts*, No. 217-5-14; (Doc. 5-13).  Judge Carlson denied all of Kolts's motions, effectively closing the criminal case, and advised him that any further claims should be brought in civil PCR proceedings in the Superior Court.  (Doc. 5-13

at 1.)  After conclusion of his direct appeal in the Vermont Supreme Court, Kolts filed an amended postconviction-relief (PCR) petition in the Superior Court asserting ineffective assistance of counsel.  *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-10).  He filed a Second Amended PCR Petition in 2020 in which he again raised an ineffective-assistance-of-counsel claim and asserted that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-11).  The Court granted summary judgment for the State on the majority of Kolts's claims, but allowed the claim that he received ineffective assistance of counsel during plea negotiations to proceed.  *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (*see* Doc. 5-12).

On September 27, 2021, Kolts filed a § 2254 Petition in this Court challenging the conclusions in Judge Carlson's April 16, 2021 decision.[1]  (Doc. 4.)  On March 3, 2023, the Court issued an R&R recommending dismissal of Kolts's § 2254 Petition "because his claims are unexhausted and procedurally barred."  (Doc. 21 at 11.)  Kolts objected to the R&R, challenging the Court's conclusion that he failed to exhaust his state court claims.  (Doc. 22.)  Judge Reiss overruled Kolts's objections and adopted the R&R in full.  (Doc. 23.)  Kolts moved for a certificate of appealability to the Second Circuit (Doc. 25), which granted the motion "for the limited purposes of [vacating] the judgment and [remanding] the case to the district court for a determination of whether Appellant can still exhaust any of his claims and, if he can, to proceed appropriately as to his unexhausted claims."  (Doc. 27.)  The Second Circuit explained:

---

[1] As relevant to the claims Kolts raises in his § 2254 Petition, Judge Carlson (1) considered and denied Kolts's request for further DNA testing and a hearing under 13 V.S.A. § 5561; (2) considered and denied Kolts's request for a new trial based on allegedly newly discovered evidence; (3) considered and denied Kolts's claim that the State knowingly solicited perjured testimony from a witness; and (4) considered and denied Kolts's claim that the State withheld exculpatory information in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963.)  (*See* Doc. 5-13 at 1–5.)

> In arguing that the 28 U.S.C. § 2254 claims were procedurally barred, Appellee asserted that Appellant had a pending post-conviction relief proceeding in state court and "[i]f he appeals the civil court's future decision, the majority of Petitioner's claims within his Writ will be reviewable by the Vermont Supreme Court." Moreover, the magistrate judge acknowledged that one of Appellant's claims "may not be procedurally defaulted." As such, further examination of these issues and any others is warranted on remand.

(*Id.* (citations omitted)).

On February 26, 2024, Kolts filed a Motion for Writ of Execution, in which he states that he is "enclos[ing] all evidence THAT NEVER made it to trial, and will argue Constitutional violations as well as errors made by the courts." (Doc. 28 at 1.) The filing appears to attach a police report, emails between the prosecutor and counsel dating to 2017, a medical report, a 2015 report of a DNA test, a 2015 serology examination, an apparent one-page excerpt of a trial transcript, a witness affidavit, and an unidentified one-page excerpt from what appears to be a legal memorandum. (Doc. 28-1 at 2–16.) The filing, however, does not indicate the status of any matters pending in the state courts, which is critical to determining whether Kolts has any remaining claims that are exhausted and potentially reviewable in this Court.

Therefore, to assess whether the claims set forth in Kolts's § 2254 Petition remain unexhausted and/or procedurally defaulted, the Court must determine the status of the following: (1) Kolts's pending PCR proceeding and any appeals that have been filed related to this proceeding (*Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.)); (2) whether Kolts has appealed his *Brady* claim to the Vermont Supreme Court[2]; and (3) any other appeals Kolts has filed in the Vermont Supreme Court that relate substantively to the claims he asserts in his § 2254 Petition.

---

[2] In the March 3, 2023 R&R, the Court determined that Kolts's claims were unexhausted because "Kolts's § 2254 Petition asserts the same claims that were dismissed in [Judge Carlson's] April 16, 2021 order," Kolts did not appeal that order, and "[e]xcept for the *Brady* claim, Kolts also did not include these claims in his pending PCR petition in state court." (Doc. 21 at 5.) Out of an abundance of caution, and in light of the Second Circuit mandate instructing the Court to further examine whether any of Kolts's claims are exhausted and not procedurally defaulted, it is necessary to determine whether Kolts has appealed his *Brady* claim to the Vermont Supreme Court.

Once the Court is apprised of the status of Kolts's relevant state court proceedings, it will issue any further orders necessary to determining whether Kolts's claims remain unexhausted and/or procedurally defaulted.

## Conclusion

Accordingly, Respondent State of Vermont is ORDERED to file a supplemental memorandum informing the Court of the status of Kolts's PCR proceedings in the Vermont Superior Court, particularly with respect to his *Brady* claim, and any appeals Kolts has filed in the Vermont Supreme Court. The supplemental memo shall include as Exhibits all relevant decisions of the Superior Court and Vermont Supreme Court, if any such decisions have been issued. Respondent's supplemental memorandum shall be filed within 14 days of the date of this Order. Petitioner may also provide the Court with a supplemental memorandum informing the Court of the status of his PCR proceedings in the Vermont Superior Court, particularly with respect to his *Brady* claim, and any appeals he has filed in the Vermont Supreme Court.

Upon receipt of the supplemental memos, the Court may request additional briefing to the extent that further proceedings have occurred in state court relevant to Kolts's potential claims.

Dated at Burlington, in the District of Vermont, this 1st day of March 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge