UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Rein Kolts, <br><br>       Petitioner, <br><br>       v. <br><br> Thomas Carlson, <br><br>       Respondent. | Civil Action No. 2:21–cv–221-cr-kjd |

**REPORT AND RECOMMENDATION
AND ORDER**
(Docs. 28, 35)

Rein Kolts, a self-represented inmate residing at Southern State Correctional Facility, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) On March 3, 2023, the undersigned issued a Report and Recommendation (R&R) recommending dismissal of Kolts's § 2254 Petition because "his claims are unexhausted and procedurally barred." (Doc. 21 at 11.) Judge Reiss adopted the R&R in full. (Doc. 23.) Kolts moved for a certificate of appealability (Doc. 25), which the Second Circuit granted "for the limited purpose of [vacating] the judgment and [remanding] the case to the district court for a determination of whether Appellant can still exhaust any of his claims and, if he can, to proceed appropriately as to his unexhausted claims." (Doc. 27.) The Second Circuit's mandate issued on December 12, 2023. After the mandate issued, the Court requested supplemental memoranda from the parties relevant to the Second Circuit's directions on remand.

After the issuance of the mandate, Kolts filed a Motion for Writ of Execution (Doc. 28) and Motion to Enforce Writ of Mandamus (Doc. 35) (Motions). As explained below, both of these filings seek immediate relief, to include vacating the judgment of the Vermont Superior

Court and immediately releasing Kolts from custody. For the reasons explained in Part I below, I recommend that Kolts's Motions be denied. As explained further in Part II, pursuant to the Second Circuit mandate and given that Kolts's *Brady* claim appears unexhausted and procedurally defaulted, Kolts is ordered to demonstrate why the Court should review his *Brady* claim despite his apparent failure to exhaust the claim.

## Discussion

As the Second Circuit explained in the mandate:

> In arguing that the 28 U.S.C. § 2254 claims were procedurally barred, Appellee asserted that Appellant had a pending post-conviction relief proceeding in state court and "[i]f he appeals the civil court's future decision, the majority of Petitioner's claims within his Writ will be reviewable by the Vermont Supreme Court." Moreover, the magistrate judge acknowledged that one of Appellant's claims "may not be procedurally defaulted." As such, further examination of these issues and any others is warranted on remand.

(Doc. 27 (citations omitted)). As discussed below, Kolts's Motions interpret the mandate to require this Court to immediately vacate his conviction and release him from custody.

**I.     Kolts's Motions**

On February 26, 2024, Kolts filed a Motion for Writ of Execution. (Doc. 28.) On March 1, 2024, the Court ordered the State of Vermont to file a supplemental memorandum informing the Court of the status of Kolts's postconviction-relief (PCR) proceedings in the Vermont Superior Court, particularly with respect to his *Brady* claim in that forum. (*See* Doc. 30.) After the State of Vermont filed its supplemental memorandum, Kolts filed a Motion to Enforce Writ of Mandamus. (Doc. 35.)

   **A.     Motion for Writ of Execution**

Kolts's Motion for Writ of Execution states that he is "enclos[ing] all evidence THAT NEVER made it to trial, and will argue Constitutional violations as well as errors made by the courts." (Doc. 28 at 1.) The filing appears to attach a police report, emails between the

prosecutor and counsel dating to 2017, a medical report, a 2015 report of a DNA test, a 2015 serology examination, an apparent one-page excerpt of a trial transcript, a witness affidavit, and an unidentified one-page excerpt from what appears to be a legal memorandum. (Doc. 28-1 at 2–16.) Kolts's Motion for Writ of Execution requests the Court to "make a judg[]ment effective." (Doc. 28 at 1.) He appears to assert that he is entitled to immediate relief based on the Second Circuit mandate. (*Id.*)

This Court has no authority to provide Kolts with the relief requested in the Motion for Writ of Execution. A writ of execution is a mechanism for enforcing a judgment. The Second Circuit did not enter a judgment when it issued the mandate. Rather, it remanded the case for further examination of any potentially viable claims. To the extent Kolts interprets the Second Circuit mandate to require this Court to "GRANT [him] the relief [he is] entitled to," (*id.*), the mandate did not order the Court to grant Kolts's § 2254 Petition or otherwise enter a judgment in his favor. Rather, the mandate vacated the judgment and remanded for the Court to determine whether any of his claims remain unexhausted and/or procedurally defaulted. (*See* Doc. 27.) In accordance with the mandate, the Court ordered respondent to file a supplemental memorandum informing the Court of the status of Kolts's PCR proceedings in the Vermont Superior Court, particularly with respect to his *Brady* claim. (*See* Doc. 30 at 4.) The Court also permitted Kolts to file a supplemental memorandum, indicating that "[u]pon receipt of the supplemental memos, the Court may request additional briefing to the extent that further proceedings have occurred in state court relevant to Kolts's potential claims." (*Id.*) In addition to the parties' submissions, the Court has conducted independent review of the state court PCR docket in order to verify the status of the proceedings as it relates to Kolts's *Brady* claim. In sum, the mandate does not require the Court to grant the relief Kolts requests. The mandate requires further examination of

3

certain issues, which the Court is undertaking. For these reasons, I recommend that Kolts's Motion for Writ of Execution be denied.

### B. Kolts's Motion to Enforce Writ of Mandamus

On April 24, 2024, after the Court issued its March 1 Order requesting additional information, Kolts filed a Motion to Enforce a Writ of Mandamus. (Doc. 35.) Kolts contends that the Court "defies the issuance of a [mandate] by the [Second] Circuit . . . and was only forced to recognize its intent when a Writ of Execution was submitted." (*Id.* at 1.) Kolts also contends that the Second Circuit "issued the mandate as an erroneous order by Judge Carlson . . . ." (*Id.*) Referencing some of the claims he raises in his § 2254 Petition, Kolts asserts that the Vermont state courts "erred in their decisions in denying two psychologists to testify at trial," and that "the consensus from judges in [New York] and [New Jersey] [] confirm a [Brady] and Bailey violation . . . ." (*Id.*) Kolts asks the Court to "recognize, in the pursuit of justice, in the miscarriage of justice, to immediately [vacate] the judg[]ment [of the Vermont state court], release [him] from custody and incarceration, and allow [him] the relief and restitution which the law permits and provides." (*Id.*)

Like his Motion for Writ of Execution, Kolts's Motion to Enforce Writ of Mandamus misunderstands the Second Circuit mandate. The mandate did not order the Court to vacate the judgment against Kolts in Vermont state court or otherwise provide Kolts with immediate relief. Rather, the mandate vacated the judgment of *this* Court dismissing Kolts's § 2254 Petition and remanded the Petition for further examination of Kolts's unexhausted and/or procedurally defaulted claims. (*See* Doc. 27.) As explained above, the examination contemplated by the mandate is underway. As explained in Part II below, the Court's review of the supplemental information and its review of the relevant state court docket indicate that Kolts did not exhaust

4

the pertinent *Brady* claim. Absent a showing by Kolts that review of his *Brady* claim is warranted notwithstanding his failure to exhaust and procedural default, as requested in Part II of this Order, the Court may not have authority to review the *Brady* claim. If that is the case, the undersigned will issue another R&R recommending that Kolts has no viable claims remaining, and the Petition should be dismissed. In short, the Court is conducting the "further examination" of the issues instructed in the mandate.

For these reasons, I recommend that Kolts's Motion to Enforce Writ of Mandamus be denied.

## II.   Order to Show Cause for Failure to Exhaust *Brady* Claim in PCR Proceedings

In remanding the case to the district court "for a determination of whether [Kolts] can still exhaust any of his claims and, if he can, to proceed appropriately as to his unexhausted claims," the Second Circuit referenced Kolts's pending PCR proceedings in state court.[1] (Doc. 27.) Kolts's state PCR proceedings are relevant to his § 2254 Petition because, as the mandate observed, "[i]n arguing that the 28 U.S.C. § 2254 claims were procedurally barred, [the State of Vermont] asserted that [Kolts] had a pending post-conviction relief proceeding in state court and

---

[1] Kolts was convicted in Vermont Superior Court of aggravated sexual assault of a child in January 2017 and subsequently sentenced to a mandatory term of twenty-five years to life in prison. *State v. Kolts*, No. 217-5-14 Ancr (Vt. Super. Ct.). The Vermont Supreme Court affirmed his conviction on December 14, 2018. *State v. Kolts*, 2018 VT 131, 205 A.3d 504. Following the conclusion of his direct appeal in the criminal case, Kolts filed multiple motions in the Superior Court. (*See* Doc. 5 (attaching filings and dockets from state proceedings (Docs. 5-2–5-16)).) On April 16, 2021, Superior Court Judge Thomas Carlson issued a decision addressing, among other motions, Kolts's request to vacate his conviction; request for a new trial; and request for further DNA testing. *State v. Kolts*, No. 217-5-14; (Doc. 5-13). Judge Carlson denied all of Kolts's motions, effectively closing the criminal case, and advised him that any further claims should be brought in civil PCR proceedings in the Superior Court. (Doc. 5-13 at 1.) Kolts's § 2254 Petition challenges the conclusions in Judge Carlson's April 16, 2021 decision. (Doc. 4.)

Further, after conclusion of his direct appeal in the Vermont Supreme Court, Kolts filed an amended postconviction-relief (PCR) petition in the Superior Court asserting ineffective assistance of counsel. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-10). He filed a Second Amended PCR Petition in 2020 in which he again raised an ineffective-assistance-of-counsel claim and asserted that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-11). The Court granted summary judgment for the State on the majority of Kolts's claims, but allowed the claim that he received ineffective assistance of counsel during plea negotiations to proceed. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (*see* Doc. 5-12).

'[i]f he appeals the civil court's future decision, the majority of [Kolts]'s claims within his Writ will be reviewable by the Vermont Supreme Court.'" (*Id.* (fourth alteration in original) (quoting Doc. 5 at 2).) Further, the mandate noted that in the March 3, 2023 R&R, "the [undersigned] acknowledged that one of [Kolts]'s claims 'may not be procedurally defaulted.'" (*Id.* (quoting Doc. 21 at 8 n.6).)

In accordance with the mandate, the Court further examined Kolts's unexhausted and/or procedurally defaulted claims. It appears that Kolts did not appeal to the Vermont Supreme Court the PCR court's dismissal of his *Brady* claim at summary judgment. (Doc 32-1 (*Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.)).) However, the Court's March 3 R&R only addressed Kolts's failure to appeal his *Brady* claim to the extent that the claim was denied by Judge Carlson's April 16, 2021 order. Kolts has not had an opportunity to address the apparent non-exhaustion of his *Brady* claim in the context of the PCR proceedings. The Court's review of the state PCR docket indicates that Kolts has failed to exhaust his *Brady* claim in that forum, potentially rendering his claim procedurally defaulted. *See Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997). In these circumstances, in order for the Court to consider the *Brady* claim in his § 2254 Petition, the law requires that Kolts first "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

By this Order, the Court provides Kolts with an opportunity to demonstrate that the Court should consider the *Brady* claim notwithstanding that it appears to be unexhausted and procedurally defaulted.

## Conclusion

For the reasons stated above, I recommend that Kolts's Motion for Writ of Execution (Doc. 28) and Motion to Enforce a Writ of Mandamus (Doc. 35) be DENIED.

The Court ORDERS Kolts to file a submission with the Court demonstrating that, notwithstanding that his *Brady* claim in the context of PCR proceedings appears to be unexhausted and procedurally defaulted, the Court should consider the claim.  **As explained above, in making the required showing, Kolts must demonstrate cause for the default and actual prejudice as a result of the actual violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice**.

Kolts must file his submission by June 10, 2024.

Dated at Burlington, in the District of Vermont, this 13th day of May 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).