UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Rein Kolts,<br><br>      Petitioner,<br><br>      v.<br><br>Thomas Carlson,<br><br>      Respondent. | Civil Action No. 2:21–cv–221-cr-kjd |

**REPORT AND RECOMMENDATION**
(Docs. 4, 17)

Rein Kolts (Petitioner), a self-represented inmate residing at Southern State Correctional Facility, petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) Petitioner was convicted in Vermont Superior Court of aggravated sexual assault of a child in January 2017, and subsequently sentenced to a mandatory term of twenty-five years to life in prison. *State v. Kolts*, No. 217-5-14 Ancr (Vt. Super. Ct.)  The Vermont Supreme Court affirmed his conviction on December 14, 2018. *State v. Kolts*, 2018 VT 131, 205 A.3d 504. After conclusion of his direct appeal in the Vermont Supreme Court, Petitioner, represented by counsel, filed an amended postconviction-relief (PCR) petition in the Superior Court in 2019 asserting ineffective assistance of counsel. *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-10).  He filed a Second Amended PCR Petition in 2020 in which he again raised an ineffective-assistance-of-counsel (IAC) claim and asserted that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  *Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 5-11).  He was not represented by counsel in connection with the Second Amended PCR Petition.  (*See* Doc. 5-11.)

On April 16, 2021, Superior Court Judge Thomas Carlson issued a decision addressing, among other motions, Petitioner's request to vacate his conviction; request for a new trial; and request for further DNA testing. *State v. Kolts*, No. 217-5-14 Ancr (Vt. Super Ct.); (Doc. 5-13). Judge Carlson denied all of Petitioner's motions, effectively closing the criminal case, and advised him that any further claims should be brought in civil PCR proceedings in the Superior Court.

On September 27, 2021, Petitioner filed a § 2254 Petition in this Court challenging the conclusions in Judge Carlson's April 16, 2021 decision. (Doc. 4.) On March 3, 2023, the undersigned issued a Report and Recommendation (R&R) recommending dismissal of Petitioner's § 2254 Petition because "his claims are unexhausted and procedurally barred." (Doc. 21 at 11.) United States District Judge Christina Reiss adopted the R&R in full on March 30, 2023 (Doc. 23), and Petitioner moved for a certificate of appealability (Doc. 25). The Second Circuit granted the certificate of appealability "for the limited purposes of [vacating] the judgment and [remanding] the case to the district court for a determination of whether Appellant can still exhaust any of his claims and, if he can, to proceed appropriately as to his unexhausted claims." (Doc. 27.) The Second Circuit's mandate issued on December 12, 2023. The mandate explained:

> In arguing that the 28 U.S.C. § 2254 claims were procedurally barred, Appellee asserted that Appellant had a pending post-conviction relief proceeding in state court and "[i]f he appeals the civil court's future decision, the majority of Petitioner's claims within his Writ will be reviewable by the Vermont Supreme Court." Moreover, the magistrate judge acknowledged that one of Appellant's claims "may not be procedurally defaulted." As such, further examination of these issues and any others is warranted on remand.

(Doc. 27 (citations omitted).) After the mandate issued, the undersigned requested supplemental memoranda from the parties relevant to the Second Circuit's directions on remand. (Doc. 30.)

After consideration of the parties' submissions and examination of the state-court proceedings relevant to any potentially viable claims, I recommend that the Court dismiss the § 2254 Petition because Petitioner's claims are unexhausted and procedurally defaulted. In addition, the Court may not consider the defaulted claims because Petitioner has not demonstrated cause for the default and actual prejudice, or demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice.

## Procedural History

I. **State-Court Proceedings**

As relevant to the issues to be addressed pursuant to the mandate, on October 4, 2021, the Vermont Superior Court on PCR review granted summary judgment for the State on Petitioner's self-represented IAC and *Brady* claims, and denied summary judgment on the IAC claim for which Petitioner was represented by counsel. *See In re Kolts*, No. 2-1-19 Ancv (Vt. Super. Ct.). Petitioner filed a motion for reconsideration of the Superior Court's October 4 decision, but he did not appeal the decision. (*See* Doc. 32-1 at 10–11.)

The surviving IAC claim generally alleged that Petitioner had received deficient legal advice during plea negotiations in the criminal case. Petitioner specifically alleged that the State had offered him a plea with a significantly more lenient disposition, but because of inadequate assistance of counsel, he elected to go to trial and received a substantially increased mandatory minimum sentence. *In re Kolts*, 2024 VT 1, ¶¶ 5–8, 312 A.3d 502. With the assistance of counsel, Petitioner proceeded to trial on the IAC claim, and the Vermont Superior Court denied the claim. (*See* Doc. 32-7.) Petitioner appealed the denial of the IAC claim to the Vermont Supreme Court. On January 5, 2024, the Vermont Supreme Court reversed and remanded the IAC claim to the PCR court to determine "whether there is a reasonable probability that the

criminal trial court would have accepted the plea offer . . . [and] [i]f it finds that such a probability exists, it may then order the prosecution to reoffer the plea deal." *See In re Kolts*, 2024 VT 1, ¶ 36, 312 A.3d 502.

## II.     Proceedings Pertaining to the Pending § 2254 Petition

On September 27, 2021, Petitioner filed a § 2254 Petition in this Court challenging Judge Carlson's April 16, 2021 decision denying his motions and closing the criminal case.[1] (Doc. 4.) Petitioner also filed a "Motion for Habeas Corpus Respondendum," docketed as an Amended Petition for Writ of Habeas Corpus, which reiterated the claims asserted in his § 2254 Petition. (Doc. 17.) As noted, on March 3, 2023, the undersigned issued an R&R recommending dismissal of the § 2254 Petition and the Amended Petition because "his claims are unexhausted and procedurally barred." (Doc. 21 at 11.) The Court found that, because Petitioner had not appealed Judge Carlson's April 16, 2021 order denying the claims he raised on federal habeas review, his claims were "unexhausted and procedurally barred under state court rules" because he had not appealed Judge Carlson's order and the time to do so had long since passed. (*Id.* at 8.) The Court also noted that "[e]xcept for the *Brady* claim, [Petitioner] also did not include [the claims he raises in his § 2254 Petition] in his pending PCR petition in state court." (*Id*. at 5.) The Court determined that, although the IAC claim Petitioner raised in his state PCR proceedings could be considered unexhausted and not procedurally defaulted, he did not allege an IAC claim in his § 2254 Petition. (*Id.* at 8 n.6.) Further, the Court found that while his *Brady* claim was unexhausted but not procedurally defaulted due to the pending PCR

---

[1] As relevant to the claims Petitioner raises in his § 2254 Petition, Judge Carlson (1) considered and denied his request for further DNA testing and a hearing under 13 V.S.A. § 5561; (2) considered and denied his request for a new trial based on allegedly newly discovered evidence; (3) considered and denied the claim that the State knowingly solicited perjured testimony from a witness; and (4) considered and denied the claim that the State withheld exculpatory information in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* Doc. 5-13 at 1–5.)

4

proceedings in state court, Petitioner had nevertheless "not shown that the Court should address the *Brady* claim notwithstanding his failure to exhaust." (*Id.*) The Court therefore recommended dismissal of the § 2254 Petition because the claims were unexhausted and procedurally barred and Petitioner had not demonstrated either cause for not appealing Judge Carlson's order to the Vermont Supreme Court or a fundamental miscarriage of justice. (*Id.* at 8–10.)

Petitioner objected to the R&R, challenging the Court's conclusion that he failed to exhaust his state-court claims. (Doc. 22.) Judge Reiss overruled his objections and adopted the R&R in full. (Doc. 23.) Petitioner moved for a certificate of appealability to the Second Circuit (Doc. 25), which granted the motion "for the limited purposes of [vacating] the judgment and [remanding] the case to the district court for a determination of whether Appellant can still exhaust any of his claims and, if he can, to proceed appropriately as to his unexhausted claims." (Doc. 27.) As noted above, the Second Circuit mandate referenced the "pending post-conviction relief proceeding in state court" and, in the event of an appeal of an adverse decision by the PCR court, the potential for the Vermont Supreme Court to review "the majority of Petitioner's claims within his [§ 2254 Petition]." (*Id.*)

In accordance with the mandate's instructions to further examine the identified issues—specifically related to claims that were pending in state PCR proceedings at the time the Second Circuit granted the certificate of appealability—on March 1, 2024, the Court ordered the State of Vermont to file a supplemental memorandum advising of the status of Petitioner's PCR proceedings in the Vermont Superior Court, particularly with respect to his *Brady* claim, and any appeals he filed in the Vermont Supreme Court. (*See* Doc. 30). The Court's Order also permitted Petitioner to file a supplemental memorandum. (*Id.*) The State filed its supplemental memorandum on March 19, 2024, apprising the Court of the status of Petitioner's PCR

proceedings in state court and any appeals filed related to the *Brady* claim. (*See* Doc. 32.) Petitioner filed his supplemental memorandum on March 21, 2024, in which he "reintroduce[d] ironclad Brady violations," and requested that the Court "VACATE the judg[]ment, accept the Brady violation, release [him] on those grounds and wait for the State to reply." (Doc. 33.) He also filed a Response to State's Memorandum, in which he asserted, among other claims, that the state's supplemental memorandum "can not and does not distinguish the difference between pre-trial and post conviction claims." (Doc. 34.)

After the mandate issued, Petitioner also filed a Motion for Writ of Execution (Doc. 28) and a Motion to Enforce a Writ of Mandamus (Doc. 35) (Motions). The Motions requested immediate relief, to include vacating the judgment of the Vermont Superior Court and immediate release from custody. On May 13, 2024, the undersigned issued an R&R recommending that the Court deny Petitioner's Motions. (Doc. 36). In the May 13 R&R, the Court noted that Petitioner apparently had not appealed to the Vermont Supreme Court the PCR court's dismissal of his *Brady* claim at summary judgment. (Doc 32-1 (*Kolts v. State*, No. 2-1-19 Ancv (Vt. Super. Ct.)).) The Court also noted, however, that its March 3, 2023 R&R only addressed Petitioner's failure to appeal his *Brady* claim to the extent that the claim was denied by Judge Carlson's April 16, 2021 order. Petitioner had not had an opportunity to address the apparent non-exhaustion of his *Brady* claim in the context of the PCR proceedings. The Court's review of the state PCR docket indicated that Petitioner had also failed to exhaust his *Brady* claim in that forum, potentially rendering his claim procedurally defaulted. *See Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997). The Court advised Petitioner of the apparent default and explained that in order for the Court to consider the *Brady* claim in his § 2254 Petition notwithstanding the default, he must first "demonstrate cause for the default and actual prejudice as a result of the alleged

6

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner filed an objection to the R&R on May 28, 2024 (Doc. 37) and a supplemental document on June 7, 2024 (Doc. 38). The Court liberally construes these filings to be Petitioner's response to the Court's order that he demonstrate why the *Brady* claim should be considered in the context of PCR proceedings notwithstanding the fact that the claim appeared to be unexhausted and procedurally defaulted. In summary, Petitioner reiterates in these filings that "[t]he central issue is a BRADY VIOLATION." (Doc. 37.) He contends that the prosecutor in his case "admits to a third[-]party involvement (DNA profiles) with [n]o [m]atch to Kolts, qualifies for a new trial—[and]—magnifies the corruption of justice by [the prosecutor] to not follow through on investigating or prosecuting others." (Doc. 38.) Petitioner does not address the failure to appeal the adverse *Brady* ruling or explain cause for the default and prejudice or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

## Discussion

The Court has further examined Petitioner's unexhausted and/or procedurally defaulted claims, particularly in the context of PCR proceedings in state court. The claims at issue are Petitioner's IAC claim and his *Brady* claim. As explained below, the IAC claim remains unexhausted but not procedurally defaulted, and the *Brady* claim is deemed exhausted and procedurally defaulted.

### I.   Petitioner's Potential Ineffective-Assistance-of-Counsel Claim

As noted in the March 3, 2023 R&R recommending dismissal of the § 2254 Petition, "[t]o the extent that [Petitioner] still has an active PCR case in state court, his one remaining claim that is unexhausted but not procedurally defaulted relates to ineffective assistance of

counsel during plea negotiations." (Doc. 21 at 8 n.6.) As of the date of this R&R, Petitioner's IAC claim remains pending in state PCR proceedings. As summarized above, the Vermont Supreme Court recently reversed and remanded Petitioner's IAC claim, instructing the Superior Court to "determine whether there is a reasonable probability that the criminal trial court would have accepted the plea offer," and, if so, to "order the prosecution to reoffer the plea deal." *In re Kolts*, 2024 VT 1, ¶ 36, 312 A.3d 502. Critically, Petitioner has not raised in the Petition or the Amended Petition a claim of ineffective assistance of counsel. Even had he raised in his § 2254 Petition a claim of ineffective assistance of counsel during plea negotiations, such a claim is presently unexhausted (although not procedurally defaulted because he may still appeal the final judgment of the Superior Court on remand).[2]

## II.  Petitioner's *Brady* Claim

The § 2254 Petition and the Amended Petition assert a *Brady* claim regarding a request for further DNA and serology testing. (*See* Docs. 4, 17.) Petitioner has reiterated his *Brady* claim in multiple filings following the issuance of the Second Circuit mandate. (*See* Docs. 33, 34, 37, 38.) Petitioner raised his *Brady* claim *pro se* in the PCR proceedings in Vermont state court (*see* Doc. 5-12), and before Judge Carlson, *see State v. Kolts*, No. 217-5-14 Ancr (Vt. Super. Ct.); (Doc. 5-13). As explained in the undersigned's March 3 R&R recommending dismissal of the Petition, Judge Carlson denied Petitioner's claims, including the *Brady* claim, and Petitioner did not appeal that decision to the Vermont Supreme Court. With respect to the

---

[2] In a "mixed petition," a petitioner presents both exhausted and unexhausted claims. *See Hicks v. Vermont*, Civil Action No. 5:12-cv-188, 2013 WL 392483, at *7 (D. Vt. Jan. 3, 2013). In such circumstances, a court may stay the proceedings to permit petitioner to exhaust the unexhausted claims before adjudicating the petition. That is not the circumstance in this case. As explained in Part II, Petitioner's *Brady* claim is unreviewable in this Court as it is deemed exhausted and procedurally defaulted, and Petitioner has not shown cause and actual prejudice or a resulting miscarriage of justice if the claim were not reviewed. Therefore, the Court need not choose between staying the proceedings to permit exhaustion of the unexhausted IAC claim or dismissing the Petition to permit exhaustion of the claim.

PCR proceedings, the Vermont Superior Court granted summary judgment for the state on the *Brady* claim, and Petitioner did not appeal the summary judgment decision to the Vermont Supreme Court. *See In re Kolts*, No. 2-1-19 Ancv (Vt. Super. Ct.); (Doc. 32-1 at 10–11). As explained below, the *Brady* claim is unreviewable in habeas proceedings because it is deemed exhausted and procedurally defaulted, and Petitioner has not shown cause and actual prejudice or a fundamental miscarriage of justice.

To bring a claim under § 2254, a petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner "present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[O]ne complete round of the State's established appellate review process" may be achieved "through either a full round of the state's appellate review process or a full round of postconviction proceedings." *Fellows v. Baker*, Civil Action No. 2:20-cv-139-wks-jmc, 2021 WL 4200875, at *11 (D. Vt. Mar. 10, 2021) (internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 4199285 (D. Vt. Sept. 15, 2021); *see O'Sullivan*, 526 U.S. at 845.

Petitioner's *Brady* claim is unexhausted because it has not been presented to the Vermont Supreme Court either by direct appeal or by appeal of the Superior Court's decision granting summary judgment to the State on the claim in PCR proceedings. *See Grey*, 933 F.2d at 119. Pursuant to Vermont Rule of Appellate Procedure 4(a), "a notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from." *In re Stevens*, 149 Vt. 199, 200

9

(1987); V.R.A.P. 4(a). As more than thirty days have passed since the PCR court's order dismissing Petitioner's *Brady* claim, Petitioner is unable to appeal that order. Were Petitioner to appeal the order now, the Vermont Supreme Court would not have jurisdiction to consider his untimely appeal. *Turner v. Turner*, 160 Vt. 646, 647, 641 A.2d 342, 344 (1993) ("This Court lacks jurisdiction of an appeal where notice is untimely filed . . . ."). Because Petitioner did not timely appeal the PCR court's dismissal of his *Brady* claim to the Vermont Supreme Court, the claim is "deemed exhausted."[3] *See Ladd v. Hofmann*, No. 1:07–CV–176, 2008 WL 2439869, at *5 (D. Vt. June 13, 2008) ("When a petitioner who has not fully exhausted his state court remedies is, at the same time, procedurally barred from bringing those claims again in state court, his claims are 'deemed exhausted' by the federal courts." (citing *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004))); *see also* 28 U.S.C. § 2254(b)(1)(A); *Reyes*, 118 F.3d at 139; *Grey*, 933 F.2d at 120. Further, where a petitioner has failed to properly exhaust his claims in state court, and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the claims are "procedurally defaulted" for the purpose of federal habeas review. *Reyes*, 118 F.3d at 140 (emphasis omitted) (quoting *Coleman*, 501 U.S. at 735); *see also Gray v. Netherland*, 518 U.S. 152, 162 (1996). Because Petitioner's *Brady* claim is deemed exhausted and procedurally barred in state court, it is procedurally defaulted and unreviewable in § 2254 proceedings in this Court. *See Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014); *Grey*, 933 F.2d at 120.

---

[3] Further, Petitioner did not raise his *Brady* claim in his direct appeal to the Vermont Supreme Court. The Vermont Supreme Court considered only his arguments about his confession and the exclusion of expert witnesses in relation to his mental state at the time of his confession. *See State v. Kolts*, 2018 VT 131, 205 A.3d 504. Moreover, as discussed in the March 3 R&R, Petitioner also did not appeal Judge Carlson's April 16 Order denying Petitioner's *Brady* claim. Therefore, Petitioner's *Brady* claim has not been fairly and properly presented to the Vermont Supreme Court and decided on the merits.

10

This Court may not consider the merits of the procedurally defaulted *Brady* claim unless Petitioner can establish that he should be excused from that bar. In order for the court to consider the claim now, the petitioner must demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (quoting *Coleman*, 501 U.S. at 750). The Court explained these requirements in its May 13, 2024 R&R, and provided Petitioner the opportunity to file a submission "demonstrate[ing] cause for the default and actual prejudice as a result of the actual violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." (Doc. 36 at 7.) Petitioner's responsive submission has not demonstrated cause for not appealing the PCR court's adverse summary judgment decision to the Vermont Supreme Court. He has only reiterated the arguments the Court already considered in its March 3 R&R regarding the *Brady* claim and Judge Carlson's April 16 order.[4] Petitioner has not shown that any external factors impeded his efforts to comply with state appellate procedures in seeking review of the PCR proceedings, *see Maples v. Thomas*, 565 U.S. 266, 280 (2012), nor has he presented new information demonstrating that the alleged *Brady* violation "worked to his actual and substantial disadvantage," *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis omitted) (internal quotation marks omitted). Accordingly, Petitioner has not shown cause for the default and actual prejudice.

Moreover, for the reasons set forth in the undersigned's March 3 R&R, Petitioner has not shown that his case satisfies the exception to procedural default based on a fundamental

---

[4] As articulated in the undersigned's May 13 R&R and Order, Petitioner misunderstands the Second Circuit mandate, which did not order the Court to vacate the judgment against Petitioner in Vermont state court or otherwise provide him with immediate relief. Rather, the mandate remanded the Petition for further examination of Petitioner's unexhausted and/or procedurally defaulted claims. (*See* Doc. 27.)

miscarriage of justice. (*See* Doc. 21 at 9–11); *see Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003) (explaining that the fundamental-miscarriage-of-justice exception to procedural default "is 'extremely rare' and should be applied only in 'the extraordinary cases.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 321–22 (1995))). Petitioner's filings in response to the undersigned's May 13 Order (Doc. 36) assert facts and attach documents the Court already considered in the March 3 R&R (Doc. 21) recommending dismissal of the Petition. (*See* Docs. 37, 38.) Therefore, because Petitioner did not timely appeal the PCR court's adverse summary judgment decision to the Vermont Supreme Court, his *Brady* claim is deemed exhausted and procedurally defaulted. As Petitioner has not demonstrated cause and actual prejudice or a fundamental miscarriage of justice, his *Brady* claim is unreviewable in habeas proceedings.

## Conclusion

As Petitioner did not appeal the PCR court's adverse summary judgment decision, the Vermont Supreme Court ultimately did not have an opportunity to review his *Brady* claim. Accordingly, Petitioner's *Brady* claim is deemed exhausted, procedurally defaulted, and unreviewable by this Court. The Court may not review the claim notwithstanding the procedural default because Petitioner has not shown cause and actual prejudice or a fundamental miscarriage of justice.

Petitioner has not raised in the Petition or the Amended Petition a claim of ineffective assistance of counsel. Even had Petitioner raised a claim of ineffective assistance of counsel during plea negotiations, such a claim is presently unexhausted and not subject to review.

For the reasons set forth above, I recommend that Petitioner's § 2254 Petition (Doc. 4) and Amended Petition (Doc. 17) be DISMISSED.

Dated at Burlington, in the District of Vermont, this 3rd day of July 2024.

                                               */s/ Kevin J. Doyle*
                                               Kevin J. Doyle
                                               United States Magistrate Judge

      Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).