U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 AUG 30 PM 3:40

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

REIN KOLTS, )
 )
 Petitioner, )
 )
v. ) Case No. 2:21-cv-221
 )
THOMAS CARLSON, )
 )
 Respondent. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION FOR A WRIT OF EXECUTION AND
MOTION TO ENFORCE A WRIT OF MANDAMUS**
(Docs. 28, 35, & 36)

This matter came before the court for a review of the Magistrate Judge's May 13, 2024 Report and Recommendation ("R & R") (Doc. 36), in which the Magistrate Judge recommended that the court denying the motion for a writ of execution (Doc. 28) and the motion to enforce writ of mandamus (Doc. 35) filed by Petitioner Rein Kolts.[1] On May 28, 2024, Petitioner timely filed objections to the R & R.

Petitioner is self-represented. Respondent Thomas Carlson is represented by Addison County State's Attorney Eva Vekos.

**I.   Factual and Procedural Background.**

In January 2017, Petitioner, an inmate at Southern State Correctional Facility, was convicted in the Vermont Superior Court, Criminal Division (the "Vermont Superior Court") of aggravated sexual assault of a child. On December 14, 2018, the Vermont Supreme Court affirmed his conviction. In 2019, Petitioner filed an amended post-

---

[1] The court will address separately Petitioner's initial and amended petitions for writ of habeas corpus. The factual and procedural background discussed herein is limited to that which is necessary to adjudicate Petitioner's motion for a writ of execution and motion to enforce writ of mandamus.

conviction relief ("PCR") motion in the Vermont Superior Court based on allegedly ineffective assistance of counsel. The following year, Petitioner filed a second amended PCR petition, reasserting an ineffective assistance of counsel claim and arguing the prosecution violated the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963) by withheld exculpatory evidence.

On April 16, 2021, the Vermont Superior Court denied Petitioner's motions to vacate his conviction, for a new trial, and for additional DNA testing (the "April 16, 2021 Order"). The court also denied Petitioner's claims that Vermont knowingly solicited perjured testimony and violated *Brady*. The April 16, 2021 Order advised Petitioner that additional claims should be brought in a civil PCR proceeding before the Vermont Superior Court.[2] Petitioner did not appeal the April 16, 2021 Order.

On September 27, 2021, Petitioner filed a § 2254 petition in this court in which he challenged the April 16, 2021 Order, and the State of Vermont (the "State") moved to dismiss. While the State's motion to dismiss was pending, Petitioner filed an amended petition on September 12, 2022. On March 2, 2023, the Magistrate Judge issued a Report and Recommendation in which he recommended the court dismiss both § 2254 petitions because it appeared Petitioner failed to exhaust his claims and that his claims were procedurally barred. The court adopted the Magistrate Judge's recommendation in full.

On May 1, 2023, Petitioner appealed the court's Opinion and Order, and on December 12, 2023, the Second Circuit issued a mandate and granted Petitioner a certificate of appealability "for the limited purpose of [vacating] the judgment and [remanding] the case to the district court for a determination of whether [Petitioner] can still exhaust any of his claims and, if he can, to proceed appropriately as to his unexhausted claims." (Doc. 27.)

---

[2] Pursuant to Fed. R. Evid. 802(b), the court takes judicial notice of the Vermont Superior Court's March 13, 2023 Decision and Order denying Petitioner's request for post-conviction relief and the Vermont Superior Court docket sheet of Petitioner's PCR proceeding in Case No. 2-1-19 Ancv.

2

On February 26, 2024, Petitioner filed a motion for a writ of execution, attached what he described as "all evidence, THAT NEVER made it to trial, and . . . argue[d] Constitutional violations as well as errors made by the courts." (Doc. 28 at 1) (emphasis and capitalization in original). On April 24, 2024, Petitioner filed a motion for writ of mandamus and requested the court "VACATE the [judgment] of 217-5-14 Ancr, release [him] from custody and incarceration, and allow [him] the relief and restitution which the law permits and provides." (Doc. 35 at 1) (capitalization in original). Both of Petitioner's motions are directed to state court proceedings and the Respondent is a former state court judge.

## II. Legal Analysis and Conclusions.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Self-represented parties are generally accorded leniency when making objections. *See Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Vasquez v. Reynolds*, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)). Nevertheless, "even a *pro se* party's objection to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Dixon v. Ragland*, 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007).

In his seven-page R & R, the Magistrate Judge carefully reviewed the factual and procedural history of the case, including Petitioner's arguments supporting his pending motions and the procedures in which writs of execution and mandamus are typically utilized. In his objections, Petitioner challenges the court's previous conclusions

3

regarding his § 2254 petitions but he does not object to the Magistrate Judge's recommendations that this court deny the motions for a writ of execution and a writ of mandamus.

The court agrees with the Magistrate Judge's conclusion that the relief Petitioner seeks in his motions is not available in the circumstances of this case. A writ of execution is "an authorization to an executive officer, issued from a court in which a final judgment has been rendered, for the purpose of carrying such judgment into force and effect." *Execution*, Black's Law Dictionary (12th ed. 2024) (internal quotation marks omitted). A writ of mandamus is "issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, [usually] to correct a prior action or failure to act." *Mandamus*, Black's Law Dictionary (12th ed. 2024). The Second Circuit's mandate does not obligate this court to vacate Petitioner's conviction in state court nor order his immediate release. Instead, as the Magistrate Judge correctly noted, the mandate vacated the March 30, 2023 Opinion and Order of this court dismissing the § 2254 petitions and returned the case to this court to determine whether Petitioner has fully exhausted his state court claims and whether any of his claims were procedurally barred. Because Petitioner is not entitled to the relief he seeks in his motions for a writ of execution and a writ of mandamus, those motions are DENIED.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 36) as the court's Opinion and Order and DENIES Petitioner's motion for a writ of execution (Doc. 28) and motion for a writ of mandamus (Doc. 35).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 29th day of August, 2024.

Christina Reiss, Chief Judge
United States District Court